PERRY EUBANKS v. THE STATE.

No. 13667.   Delivered November 12, 1930.
Reported in 32 S. W. (2d) 463.

The opinion states the case.

*Ed. B. Freeman* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for assault to rape; punishment, three years in the penitentiary.

Appellant complains of the introduction of the testimony of officer Stephenson who said that he went to the house of prosecuting witness at some time after eleven o'clock at night, on the night of the alleged assault, and was told by her that the man who assaulted her was a chauffeur for some lady who lived on Harwood Street.

Appellant was a negro and lived on Harwood Street. He testified along with a number of witnesses to an absolute alibi. The learned trial judge qualifies the bill of exception presenting this complaint with the statement that same was admitted upon the ground that it was res gestae. We are unable to agree that facts appear either in the statement of facts or the bill of exception which show the statement to have been of that character. There was no testimony as to any excitement, pain, grief or other emotion of the mind of the prosecutrix at the time the statement was made, which might conduce to a belief of its spontaneity, or that it was made without let-up in her condition of mind from the time of the alleged assault. From her testimony it appears that said assault, if any, was made between ten and ten-thirty o'clock. While there are some cases which hold that the lapse of a period of time longer than thirty minutes might not exclude testimony from being res gestae, it has been often said that the time is not the determining factor, but that there must be other testimony showing the statement to have been of that spontaneous character which would lead to the belief that it was the event speaking through the party, and not the person talking about some event. We find nothing in the record indicating the exact time when Mr. Stephenson reached the place, nor do we find anything that shows that the necessary element of spontaneity appears. We are in much doubt as to the sufficiency of the testimony in this case.

While the act of the person who assaulted Mrs. Thomas was reprehensible in the extreme, yet the mere instantaneous catching hold of a woman and releasing her when she screamed, without any threat or statement or further effort to have carnal intercourse with her, or subdue her to his wishes by force, threats or fraud, would leave the case in much doubt as to the sufficiency to show more than an aggravated assault, and this is especially true when we consider the occurrence took place in a public street and near a number of houses in a city.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*

HAWKINS, J., absent.